TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00344-CR






Rubin Gutierrez, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT

NO. D-1-DC-10-301351, HONORABLE CLIFFORD BROWN, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N




 A jury found Rubin Gutierrez guilty of the first-degree felony offense of aggravated
robbery with use of a deadly weapon and assessed punishment, enhanced by a prior felony
conviction, at fifty-five years in prison. See Tex. Penal Code Ann. §§ 12.32 (West 2011),
29.03(a)(2) (West 2011). (1)

 Gutierrez's court-appointed attorney has filed a motion to withdraw supported by
a brief concluding that this appeal is frivolous and without merit. The brief meets the requirements
of Anders v. California, 386 U.S. 738, 744 (1967), by presenting a professional evaluation of
the records demonstrating why there are no arguable grounds to be advanced. See 386 U.S. at 744;
see also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978);
Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d 553
(Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). Gutierrez
received a copy of counsel's brief and was advised of his right to examine the appellate record and
to file a pro se brief. See Anders, 386 U.S. at 744.

 Gutierrez then filed a pro se brief, contending that the photographic lineup from
which he was identified was impermissibly suggestive and the trial court abused its discretion by
denying a motion to suppress his identification. Gutierrez notes that the victim of the robbery at the
EZ Loan store recalled the perpetrator had a facial tattoo, and he faults the photographic array--from
which the victim identified him the day after the offense--for its lack of others with facial tattoos.
We will briefly explain why his contention lacks arguable merit. See Garner v. State, 300 S.W.3d
763, 767 (Tex. Crim. App. 2009); Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

 A pretrial identification procedure may be so suggestive and conducive to mistaken
identification that its subsequent use at trial implicates the defendant's right to due process of law.
Barley v. State, 906 S.W.2d 27, 32-33 (Tex. Crim. App. 1995). A defendant challenging the
admissibility of a witness's pretrial identification has the burden of showing by clear and
convincing evidence that: (1) "the out-of-court identification procedure was impermissibly
suggestive" and (2) the "suggestive procedure gave rise to a very substantial likelihood of irreparable
misidentification." Id. at 33-34. Gutierrez only alleges proof of the first prong here. Evidence
that the witness was informed that the perpetrator might not be in the group of photographs
reduces the claimed suggestiveness of the procedure. See Sierra v. State, 266 S.W.3d 72, 75-76
(Tex. App.--Houston [1st Dist.] 2008, pet. ref'd); 41 George E. Dix & John M. Schmolesky,
Texas Practice Series: Criminal Practice & Procedure § 17:18 (3d ed. 2011). The trial court's
ruling on the admissibility of a pretrial identification is a mixed question of law and fact that
we review de novo. See Loserth v. State, 963 S.W.2d 770, 773 (Tex. Crim. App. 1998); Sierra,
266 S.W.3d at 75.

 A photographic lineup does not violate due process because the individuals pictured
lack characteristics identical to those of the accused. See Luna v. State, 268 S.W.3d 594, 607-08
(Tex. Crim. App. 2008) (rejecting claim that photo array, shown during investigation to witness
who recalled perpetrator having tattoo on back of his head, was impermissibly suggestive because
only appellant appeared to be totally bald or to have had his head clean shaven); Escovedo v. State,
902 S.W.2d 109, 117-18 (Tex. App.--Houston [1st Dist.] 1995, pet. ref'd) (rejecting claim that
photo array was impermissibly suggestive because no one else had same amount of facial hair and
only one other photo showed person with facial tattoo of tear drop); see also United States v. Lang,
No. 06-30124, 2007 U.S. App. LEXIS 14088, at *31 (5th Cir. June 14, 2007) (not designated for
publication) (noting there is no requirement "to fill a lineup with other photos of men of roughly [the
suspect's] age, hair, and skin tone, all of whom have tattoos on their faces. . . . '[P]olice stations are
not theatrical casting offices; a reasonable effort to harmonize the lineup is normally all that is
required.'") (citing Swicegood v. Alabama, 577 F.2d 1322, 1327 (5th Cir. 1978).

 Here, the trial court observed that the facial tattoos were "so subtle" in Gutierrez's
photograph that--"if you could even consider these to be tattoos"--others in the photographic lineup
would appear to have similar markings. Further, the record reflects that the claimed suggestiveness
of the lineup was reduced because the robbery victim who identified Gutierrez was admonished
before viewing the photographic lineup that the group of photographs "may or may not contain a
picture of the person or persons who committed the crime now being investigated." See Sierra,
266 S.W.2d at 75-76. Further, the victim--who spent several minutes in face-to-face conversation
with the perpetrator while he feigned interest in applying for a payday loan and before he aimed a
gun at her--testified that she recognized Gutierrez definitively and "instinctively" from the robbery
of the previous day. (2) She feared that when the safe was open she would be killed or "he might try
to harm or hinder my ability in some way to remember who he was" because there had been "so
much face-to-face time with the defendant." On this record, we conclude that Gutierrez's challenge
to the denial of his motion to suppress based on a photographic lineup that was "impermissibly
suggestive" lacks arguable merit.

 Having reviewed the record as well as briefs from Gutierrez, his counsel, and the
State, we find no reversible error. See Garner, 300 S.W.3d at 766; Bledsoe, 178 S.W.3d at 826-27.
We agree with counsel that the appeal is frivolous, and her motion to withdraw is granted.

 The judgment of conviction is affirmed.


 

 Jeff Rose, Justice

Before Chief Justice Jones, Justices Puryear and Rose

Affirmed

Filed: October 4, 2012

Do Not Publish
1. Because recent amendments to the penal code did not change the substance of the statutes
relevant to this appeal, we cite to their current version.

2. The victim also viewed a photographic lineup of women in attempt to identify the
perpetrator's accomplice, but she was unable to make an identification with the same certainty. She
testified that while conversing with the perpetrator, she was not focusing on his accomplice.